## Credit Clearing House v. Boginsky.

*Equity—Preliminary injunction—Trade name — Prior usage — Exclusive right—Competition.*

1. It is a well settled rule that a dealer coming into a field already occupied by a rival of established reputation must do nothing which will unnecessarily create or increase confusion between his wares or business and the business of his rival.

2. Equity will protect, by preliminary injunction, the prior and exclusive rights of an established business in the use of its trade name, "Credit Clearing House," against a competitor who sets up a similar business as "Scranton Credit Clearing House," if it appears that confusion in respect to identity has resulted from use of the latter name by the newly established concern. It is not material that there is neither allegation nor proof of fraudulent purpose on the part of the defendant.

Motion for preliminary injunction. C. P. Lackawanna Co., Jan. T., 1923, No. 9, in Equity.

*C. A. Battenberg,* for plaintiff; *J. J. Levy,* for defendant.

NEWCOMB, J., Jan. 9, 1923.—The relief prayed for is that defendant be restrained from using a certain trade name. The motion now is for a preliminary injunction.

Plaintiff was duly incorporated by and under the laws of New Jersey, in 1899, for the purpose of furnishing its clients commercial credit reports and also the service of a collection agency.

Its principal office is on Fourth Avenue, in the City of New York. Its business covers a large part of the United States. It maintains local offices in many cities, having one in this city. It has had a representative here for not less than twenty years. Within recent years, a local office has been maintained here with a manager in charge. It has at all times had a large local clientage using its service, both for commercial collections and special credit reports.

Defendant is a well-known constable, having held that office in the 16th Ward of this city many years. Until recently he has had desk-room with the alderman of that ward, and incidentally had built up a collection business. But last year he gave up his desk at that office and located elsewhere, assuming as a trade name the style "Scranton Credit Clearing House."

The result implies some confusion in respect to the identity of the two concerns. Their mail has miscarried. Each has received mail intended for the other.

Needless to say, the trade name so assumed by defendant is not rendered harmless by the mere addition of the word "Scranton." That it is well calculated to bring on confusion is self-evident and borne out by the experience of the parties. It is equally needless to say that the prior right is with plaintiff, and is exclusive. The service in question must be expeditious. The communications passing back and forth between such agency and its customers must necessarily be those of the highest confidence. It is well settled that a dealer coming into a field already occupied by a rival of established reputation must do nothing which will unnecessarily create or increase confusion between his wares or business and the business of his rival.

This is the law, regardless of defendant's motives. It may be noted that it is neither alleged nor proved that defendant's act complained of was one of fraudulent purpose.

It is believed that plaintiff is entitled to relief pending trial of the issue. The rule to show cause is accordingly made absolute, and a preliminary injunction is awarded as prayed for, restraining defendant, Herman Boginsky, and all other persons acting at his instance or by his authority, from

Credit Clearing House v. Boginsky.

transacting business under the name of the "Scranton Credit Clearing House," or any other name includig the words "Credit Clearing House."

This order to be effective upon security being given in the sum of $500, with surety to be approved by the court, and conditioned to indemnify defendant sec. leg.

From William A. Wilcox, Scranton, Pa.